UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRACY HALL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALGREENS BOOTS ALLIANCE, INC.; WALGREEN CO.,<br><br>Defendants. | Case No. 22-cv-00024<br><br>Judge Martha M. Pacold |

## ORDER

Defendants' motion for reconsideration, [50], is granted. If the Washington Supreme Court accepts the certified question, defendants are designated to file the first brief. All proceedings in this court remain stayed pending the Washington Supreme Court's decision to accept review, and if it accepts the question, its answer to the question. The Clerk of the Court is directed to transmit this order to the Washington Supreme Court. The parties should file a joint status report by May 15, 2024, or within seven days of the Washington Supreme Court's decision whether to accept review, whichever is sooner.

## STATEMENT

On August 14, 2023, the court denied defendants' motion to dismiss without prejudice and sua sponte certified a question to the Washington Supreme Court. [49]. Pursuant to Washington Rule of Appellate Procedure 16.16(e)(1), the court designated plaintiff Tracy Hall to file the first brief before the Washington Supreme Court if it accepts the certified question. [49] at 4.

Defendants filed a motion for reconsideration. [50]. Defendants contend that the court should designate defendants to file the opening brief. Plaintiff opposes the motion for reconsideration. [52].

Two authorities are relevant here: Washington's Federal Court Local Law Certificate Procedure Act, Wash. Rev. Code Ann. § 2.60.010 *et seq.* (West), and the Washington Rules of Appellate Procedure.

Turning first to the Act, the statute provides:

When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

§ 2.60.020.

The statute further provides:

Certificate procedure shall be governed by the following provisions:

    (1) Certificate procedure may be invoked by a federal court **upon its own motion or upon the motion of any interested party** in the litigation involved if the federal court grants such motion.

    . . .

    (4) The **appellant or moving party in the federal court** shall file and serve upon its adversary its brief on the question certified within thirty days after the filing of the record in the supreme court. The appellee or responding party in the federal court shall file and serve upon its adversary its brief within twenty days after receipt of appellant's or moving party's brief and a reply brief shall be filed within ten days. Time for filing record, supplemental record or briefs may be extended for cause.

    . . .

    (7) The supreme court may adopt rules of practice and procedure to implement or otherwise facilitate utilization of certificate procedure.

§ 2.60.030 (emphases added).

Next, the Washington Rules of Appellate Procedure implement the certificate procedure. Rule 16.16 states, as relevant here:

**(e) Briefs.**

(1) *Procedure.* **The federal court shall designate who will file the first brief.** The first brief should be filed within 30 days after the record is filed in the Supreme Court. The opposing party should file the opposing brief within 20 days after receipt of the opening brief. A reply brief should be filed within 10 days after the opposing brief is served. The briefs should be served in accordance with rule 10.2. The time for filing the record, the supplemental record, or briefs may be extended for cause.

Wash. R. App. P. 16.16(e)(1) (second bold emphasis added).

Thus, the rule provides that the federal court shall designate who will file the first brief. And the rule provides for a first brief, an opposing brief, and a reply brief.

Defendants observe that the statute and the rule should be read together and argue that although Rule 16.16(e)(1) allows the federal court to designate who will file the first brief, § 2.60.030(4) requires the court to designate defendants to file the first brief. Defendants point out that by the terms of § 2.60.030(4), "the appellant or **moving party**" (emphasis added) should file the brief on the question certified (i.e., the first brief). Defendants contend that they are the moving parties because they filed the motion to dismiss that led to the court's certifying a question to the Washington Supreme Court.

Plaintiff responds that § 2.60.030(4) is inapplicable. Plaintiff contends that the statute must be read as a whole. Plaintiff argues that in context, "moving party" in § 2.60.030(4) refers to § 2.60.030(1), which involves motions for **certification** ("Certificate procedure may be invoked by a federal court upon its own motion or upon the motion of any interested party in the litigation involved if the federal court grants such motion."). In other words, on plaintiff's reading, "moving party" in § 2.60.030(4) means a party that moved for certification under § 2.60.030(1). Here, the court certified the question to the Washington Supreme Court on its own motion. No party moved for certification. So on plaintiff's reading, there was no "moving party" within the meaning of § 2.60.030(4)—regardless of the fact that defendants filed the motion to dismiss that led to the certified question— leaving the court with discretion under Rule 16.16(e)(1) to designate the party to file the first brief.

3

The parties have not cited any binding caselaw on point. Cases where the U.S. Court of Appeals for the Ninth Circuit has certified questions to the Washington Supreme Court do not present the question. In those cases, there is an appellant and thus no reason to address the meaning of "moving party." (Under § 2.60.030(4), "the **appellant** or moving party" (emphasis added) should file the brief on the question certified (i.e., the first brief).) Some district court cases designate the plaintiff to file the opening brief, but there is no indication that these cases presented a dispute as to which party should file the opening brief. *See Fowler v. Guerin*, No. 15-cv-5367, 2021 WL 4972737, at *3 (W.D. Wash. Aug. 5, 2021); *Jordan v. Nationstar Mortg., LLC*, No. 14-cv-0175, 2015 WL 4723941, at *4 (E.D. Wash. Aug. 10, 2015).

Plaintiff's reading of § 2.60.030(1) and (4) has some appeal. It is a natural reading of the statute; if a party successfully moves for certification, that party (the "moving party") files the opening brief on the certified question.

However, the court need not definitely resolve whether plaintiff's reading of the statute is correct. Even if that reading is correct, that simply means that there is no "moving party" within the meaning of § 2.60.030(4), and that the statute does not specify which party should file the first brief.

That reading leaves the court with discretion under Rule 16.16(e)(1) to designate which party files the first brief. On that point, on further consideration, defendants should file the first brief. The most analogous case that any party has cited is *Convoyant LLC v. DeepThink, LLC*, No. C21-0310JLR, 2022 WL 36726 (W.D. Wash. Jan. 3, 2022). In that case, the defendant moved for summary judgment on a state law preemption defense. The district court certified the question sua sponte and designated the defendant to file the first brief. *Id.* at *3. Here, defendants have likewise raised a state law defense (a statutory safe harbor) and, as the court previously concluded, the answer to this state law question is outcome determinative. [49] at 3. This procedural posture is analogous to that in *Convoyant* and, as in that case, it is appropriate for defendants to file the first brief.

The motion for reconsideration, [50], is granted. If the Washington Supreme Court accepts the certified question, defendants are designated to file the first brief. All proceedings in this court remain stayed pending the Washington Supreme Court's decision to accept review, and if it accepts the question, its answer to the question. The Clerk of the Court is directed to transmit this order to the Washington Supreme Court. The parties should file a joint status report by

May 15, 2024, or within seven days of the Washington Supreme Court's decision whether to accept review, whichever is sooner.

Date: February 20, 2024               /s/Martha M. Pacold
                                     United States District Judge